*In re* JOSÉ D. FRONTERA ENSEÑAT.

*Número:* AB-98-57     *Resuelto:* 24 de enero de 2000

*Carmen H. Carlos Cabrera, Directora de la Oficina de Inspección de Notarías.*

PER CURIAM:

## I

El 25 de marzo de 1998, el Sr. Ricardo Vélez Muñiz presentó una queja contra el Lcdo. José D. Frontera Enseñat. Le imputó negarse a corregir defectos en dos (2) instrumentos públicos que, como notario, autorizó. Además, invitó nuestra atención al hecho de que el Lcdo. José D. Frontera Enseñat es sobrino de uno de los comparecientes en ambas escrituras.

Notificado de la queja, sin el beneficio de que el licenciado Frontera Enseñat contestara en ese momento inicial, remitimos una copia a la Lcda. Carmen H. Carlos Cabrera, Directora de la Oficina de Inspección de Notarías, para que nos rindiera un informe y una recomendación.

Con vista a dicho informe y al escrito posterior presentado por el licenciado Frontera Enseñat, resolvemos.

La génesis de la queja se remonta al 17 de octubre de 1997, fecha en la que el Sr. Jaime Enseñat Bartolomei y su esposa Eugenia N. Irizarry Rodríguez adquirieron de la Puerto Rico Farm Credit una finca localizada en el Municipio de Las Marías, mediante la Escritura Núm. 57. Ese mismo día, a través de la Escritura Núm. 58, ambos vendieron la propiedad al aquí quejoso Vélez Muñiz y su esposa Gloria Rodríguez Vargas. Estas dos (2) escrituras fueron otorgadas ante el notario Frontera Enseñat.

El 5 de diciembre de 1997, el Registrador de la Propiedad de San Sebastián, notificó que las Escrituras Núms. 57 y 58 presentaban errores. Según el licenciado Frontera Enseñat, las escrituras no podían entrar al Registro debido a que no se había presentado la Escritura Núm. 28 de Eje-

cución de Hipoteca y Cancelación de Gravámenes del 28 de agosto de 1996, donde la Puerto Rico Farm Credit advino dueña de la finca en cuestión. Nos indica que luego de varias gestiones ante el Registro de la Propiedad fue informado de que "el 30 de julio de 1998 ... la escritura Núm. 28 había sido presentada y que la 57 y 58 también entraron al Registro".(1)

No obstante, el licenciado Frontera Enseñat acepta en su comparecencia que, en efecto, autorizó las Escrituras Núms. 57 y 58, y que está dentro del cuarto grado de consanguinidad con el Sr. Jaime Enseñat Bartolomei. Nos explica que no se benefició económicamente de las gestiones.

■ Estos hechos así aceptados, infringen el Art. 5 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2005, que prohíbe la autorización por notario de instrumentos en que alguno de los otorgantes esté dentro del cuarto grado de consanguinidad o segundo de afinidad, excepto cuando aquél comparezca en calidad de representante.

■ La explicación de ausencia de ánimo de lucro que brinda el notario Frontera Enseñat, atenúa pero no elimina su falta. El principio que inspira el citado Art. 5 es "preservar la figura del Notario como funcionario imparcial, que recibe, expone y legitima la voluntad de los que ante él comparecen sin tomar bando, sin inclinarse a un lado u otro". *In re Cancio Sifre*, 106 D.P.R. 386, 396 (1977).

■ Además, la Escritura Núm. 58 adolece de otros defectos. Así, en lo referente al pago del negocio jurídico, a pesar de que se dio fe de que los vendedores recibían de manos de los compradores, en su totalidad, al momento del otorgamiento, el precio convenido y ajustado, lo cierto es que dicho aspecto fue acordado de otra manera entre las partes. Por otro lado, la firma del notario se encuentra antes de las firmas de los otorgantes, contraviniendo lo dis-

---

(1) Así lo acreditan certificaciones del Registro de la Propiedad.

puesto por el Art. 28 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2046.

En consideración a este trasfondo, el 12 de marzo de 1999, concedimos al licenciado Frontera Enseñat término para que nos expusiera su posición referente a las situaciones antes descritas. No compareció. Le concedimos (30) días adicionales para que mostrara causa por la cual no debiéramos, sin ulterior trámite, suspenderlo del ejercicio de la notaría por el término de seis (6) meses. Interpretamos su silencio como un allanamiento de ese curso decisorio.

*Se dictará sentencia para suspender al Lcdo. José D. Frontera Enseñat del ejercicio de la abogacía por un término de seis (6) meses, y además, se le suspende de la notaría por tiempo indefinido, contados desde la notificación de la presente y hasta que otra cosa disponga este Tribunal. La Oficina de Alguaciles incautará su obra y sello notarial para ser remitida y examinada por la Oficina de Inspección de Notarías.*

El Juez Asociado Señor Hernández Denton disintió sin opinión escrita y limitaría la sanción disciplinaria a una suspensión de la notaría por seis (6) meses. El Juez Asociado Señor Corrada Del Río disintió, ya que limitaría la sanción disciplinaria a la suspensión indefinida de la notaría, no de la abogacía. El Juez Presidente Señor Andréu García no interviene.